UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **CARLY, a minor, by and through her parents and next friends, Lisa and Chris F.,** *Plaintiff* <br><br> Vs. <br><br> **FRANKLIN PUBLIC SCHOOLS and ACTON-BOXBOROUGH RSD** *Defendants* | ) ) ) ) ) ) ) ) ) ) ) Civil Action No. |

**COMPLAINT FOR JUDICIAL REVIEW OF
FINAL DECISION OF STATE ADMINISTRATIVE AGENCY**

**INTRODUCTION**

1. This is a complaint for judicial review of a final decision rendered by the Bureau of Special Education Appeals of the Massachusetts Division of Administrative Law Appeals (BSEA), pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1482, and M. G. L. c. 71B. Plaintiff, Carly,[1] a minor, by and through her parents and next friends, Lisa and Chris F., seeks reversal of a BSEA decision, dated March 24, 2025, insofar as the decision denied the Plaintiff's requests for relief from Defendants Franklin Public Schools and Acton-Boxborough Regional School District regarding the 2023-2024 third grade school year. The Plaintiff also seeks a declaration that the parents acted reasonably in placing the Plaintiff at the Carroll School for the 2023-2024 school year. The Plaintiff further seeks an order requiring Franklin Public Schools and Acton-Boxborough Regional School District to reimburse

---

[1] "Carly" is a pseudonym chosen by BSEA to protect the privacy of the minor Plaintiff in documents available to the public.

1

the parents for all expenses that they have incurred in connection with the Plaintiff's Carroll School placement for the 2023-2024 third grade school year.

## PARTIES

2.　　Plaintiff, Carly (hereinafter "Carly" or "Plaintiff"), is a ten-year old minor child. Lisa and Chris F. ("Parents") are the natural parents of Carly pursuant to 20 U.S.C. § 1401(23)(A) and 603 CMR 28.02. Carly and Parents were permanent residents of Franklin, Massachusetts through November 14, 2023 and as of November 15, 2023 are current residents of Acton, Massachusetts.

3.　　Defendant, Franklin Public Schools ("FPS" or "Franklin"), is a public school district in the Commonwealth of Massachusetts with a principal place of business at 355 East Central Street, Franklin, Massachusetts. Franklin is a "local educational agency" ("LEA") as the term is defined in 20 U.S.C. § 1401(19)(A).

4.　　Defendant, Acton-Boxborough Regional School District ("ABS"), is a public school district in the Commonwealth of Massachusetts with a principal place of business at 15 Charter Road, Acton, Massachusetts. Acton is a "local educational agency" ("LEA") as the term is defined in 20 U.S.C. § 1401 (19)(A).

## JURISDICTION AND VENUE

5.　　This Court has jurisdiction to hear this matter pursuant to 20 U.S.C. § 1415(i)(2)(A) and 20 U.S.C. § 1331.

6.　　Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

**GENERAL ALLEGATIONS**

7. At all times relevant to this action, Carly was a child with a disability, as that term is defined in the Individuals With Disabilities Act ("IDEA"), 20 U.S.C § 1401(3), and the Massachusetts Administrative Code ("CMR"), 603 CMR 28.02, and was a school age child with a disability, within the meaning of M. G. L. c. 71B § 1.

8. Under the (IDEA), states that receive federal funding to provide special education and related services to children with disabilities must ensure that a free appropriate public education ("FAPE") is provided to students with disabilities. *See* 20 U.S.C. § 1412(a)(1)(A).

9. A FAPE consists of special education and related services that meet the standards of the State educational agency[2] and are provided through the creation and implementation of an individualized education program ("IEP") in conformity with 20 U.S.C. § 1414. *See* 20 U.S.C. § 1401(9).

10. An IEP is a written statement of the child's present levels of academic achievement and functional performance, including how the child's disability affects his/her involvement and progress in the general curriculum, identifies short and long term goals, specific educational services to be provided in furtherance of those goals, and objective and measurable criteria to evaluate progress. *See* 20 U.S.C. § 1401(14) and 1414(d)(1)(A).

11. Special education consists of instruction that is specially designed to meet the unique needs of the child with a disability. *See* 20 U.S.C. § 1401(29).

12. Parents who believe that the LEA has not met its obligations under the IDEA may file a due process complaint to have the dispute resolved at an impartial due process hearing

---

[2] The Massachusetts Department of Elementary and Secondary Education ("MADESE") is the State educational agency for Massachusetts. *See* 603 CMR 28.02.

conducted by the State educational agency. *See* 20 U.S.C. § 1415(f)(1)(A); M.G.L. 71B § 2A. In Massachusetts, the due process hearing is conducted by an administrative hearing officer with the BSEA.[3]

13. A party aggrieved by the findings and decision of the BSEA has the right to bring a civil action in federal court. *See* 20 U.S.C. § 1415(i)(2)(A); BSEA 2024 RULE XIII(A). Under such an action, the reviewing court receives the record of the administrative proceedings, hears additional evidence as appropriate, and bases its decision on the preponderance of the evidence in the record, granting such relief as the court determines is appropriate. *See* 20 U.S.C. § 1415(i)(2)(C)(iii).

14. Carly attended Jefferson Elementary School in Franklin, Massachusetts, her then residence, from Kindergarten through second grade.

15. In October 2021, when Carly was in first grade and a resident of Franklin, Massachusetts, Parents arranged for a private neuropsychological evaluation with Dr. Nathan Doty, Ph.D., of Achieve New England. Dr. Doty's evaluation showed particular delays in oral reading fluency, reading comprehension, and math skills (WIAT: Oral Reading Fluency 25%; Mathematics Composite 19%; Math Fluency Composite 9%-borderline. GORT: Reading Comprehension 16%). Carly's evaluation results indicated superior intellect, dyslexia, and dyscalculia with impairment in reading, mathematics, and spelling, and an unspecified communication disorder. Dr. Doty recommended that Parents follow up with a speech-language pathologist for further testing. He also noted social-emotional adjustment as an area of concern.

---

[3] References to the Rules for the BSEA, will be cited as "BSEA 2019/2024 Rule X." The BSEA Rules as issued March 2019 and as amended effective July 2024 both apply to this educational dispute and each will be referenced accordingly.

Dr. Doty recommended that Carly receive multisensory rules-based reading instruction (3x45 minutes/week); services for dyscalculia (2 or 3x30-45 minutes/week); and speech-language therapy (1x30-45 minutes/week). A report of these findings was generated and shared with Franklin during the summer of 2022.

16. After receiving Dr. Doty's report, FPS conducted academic evaluations of Carly throughout the Fall of 2022, when she was in second grade and a resident of Franklin. Franklin's reading assessments showed significant special education needs in Oral Language, Comprehension and Expression (Oral Language Composite 13%; Listening Comprehension 10%; Oral Expression 9%). Franklin's speech-language communication assessments were also concerning (CELF: understanding spoken paragraphs 7%- below average; OPUS: oral passage understanding scale 12%- below average). Franklin failed to properly assess Carly's math performance having failed to evaluate Carly's most deficient math skill—math fact fluency. Franklin found Carly eligible for an IEP on November 9, 2022, under a primary Communication Disability and a secondary Specific Learning Disability in math. Franklin disagreed with Dr. Doty's findings that Carly had a Specific Learning Disability (SLD) in Reading and Spelling. An initial IEP for the period of November 9, 2022 to November 8, 2023 ("initial FPS IEP") proposed full inclusion placement; offered speech-language services in the B-Grid (1x30 minutes/week) and C-Grid (1x30 minutes/week); and math services in the B-Grid (5x30 minutes/week) and C-Grid (2x15 minutes/week). The initial FPS IEP also provided for a consultation between the special education teacher and the educational assistant (1x30 minutes/week) in the A-Grid. The initial FPS IEP did not offer specialized instruction in reading, nor did it recommend direct services focused on social/emotional or regulation skills.

17. On or about November 22, 2022, Parents partially rejected the initial FPS IEP based upon FPS's failure to recognize Carly's primary SLD in reading and failure to provide any reading services but consented to the placement in Franklin.

18. On FPS's recommendation, in December 2022, Parents obtained a private audiology evaluation and report from Dr. Brett Radosti at Boston Children's Hospital. Dr. Radosti did not find a primary auditory processing disorder. However, due to Carly's evaluation, he did make several recommendations, including an educational audiologist review of the classroom sound field amplification system.

19. In January 2023, Parents arranged for a private comprehensive speech-language evaluation of Carly with Caroline Brinkert, M.S., CCC-SLP, of the Integrated Center for Child Development ("ICCD"). Ms. Brinkert's report showed that Carly's academic performance was declining at Franklin due to the lack of language-based interventions (TILLS: Vocabulary Awareness 7%; Listening Comprehension 3%; Delayed Story Retelling 15%; Sentence Discourse 10%; all below average). Carly was diagnosed with mixed receptive/expressive language disorder and phonological disorder. Ms. Brinkert recommended that Carly be placed in a small, language-intensive educational environment, and receive additional direct instruction in the area of written expression, receive direct speech-language therapy services 1-2x/week, extended school year programming, and an occupational therapy evaluation to evaluate planning/sequencing, impulsivity/self-monitoring, and executive functioning.

20. An educational occupational therapist at FPS assessed and concluded that Carly did not have any fine motor or sensory integration concerns.

21. Carly's IEP Team reconvened in March 2023 following the independent private audiology and speech-language evaluations. FPS disagreed with Carly's need for a small,

language-intensive educational environment as recommended by Ms. Brinkert and continued to propose full inclusion placement. FPS offered an amended IEP (for the period of November 9, 2022 to November 8, 2023) that added B-Grid executive functioning services (5x15 minutes/week) and extended school year ("ESY") for speech-language services only (1x30minutes/week). The amended IEP again did not offer specialized instruction in reading.

22. On or about March 28, 2023, Parents rejected both the proposed amended IEP and FPS placement based upon Franklin's continued failure to recognize Carly's primary SLD in reading and failure to provide sufficient services to address her language-based learning needs.

23. Also on March 28, 2023, Parents informed the FPS of their intent to place Carly at the Carroll School for the 2023-2024 third-grade school year at public expense.

24. In September 2023, Parents unilaterally placed Carly at the Carroll School, a private school with an academic program designed for elementary and middle school students diagnosed with specific learning differences in reading and writing.

25. When Carly began her third grade year at the Carroll School, her speech-language pathologist, Jennifer Amos, noted highly concerning and significant weaknesses in Carly's comprehension and complex directions, connecting her background knowledge to current topics in a logical manner, recognizing and explaining relationships between vocabulary words, using feedback from adults and peers to shift her thinking, and determining salient information.

26. In third grade at Carroll, Carly received small, language-intensive educational instruction across subject areas; daily 1:1 Orton-Gillingham tutoring in reading; and direct speech-language instruction in a group of five students (2x45minutes/week), plus once per week within her small group ELA class.

27. FPS failed to convene an IEP Team meeting and allowed Carly's amended IEP to expire on November 8, 2023.

28. Parents and Carly moved to Acton, Massachusetts on or about November 15, 2023.

29. In January 2024, Parents enrolled Carly in ABS.

30. On or about March 18, 2024, ABS convened an annual review IEP Team meeting and offered an initial IEP for the period of March 18, 2024 to March 17, 2025 (initial ABS IEP), comparable to FPS's amended IEP. ABS also requested to evaluate Carly with the understanding that Carly's IEP Team would reconvene and revise its initial ABS IEP as appropriate.

31. On or about March 26, 2024, Parents rejected both the proposed initial ABS IEP and ABS placement because ABS's proposed services did not meet Carly's special education needs.

32. On or about June 10, 2024, after ABS completed its evaluations of Carly, ABS convened an IEP Team meeting and found Carly eligible for an IEP due to an SLD in reading comprehension, math problem solving, numerical operations, and math fluency. ABS evaluators found that math problem solving, math fluency, and reading comprehension came out significantly discrepant from her cognitive abilities. An amended IEP for the period of June 10, 2024 to June 9, 2025 (amended ABS IEP )[4] proposed full inclusion placement; offered more than double math services in the B-Grid (225 minutes/week), C-Grid (60 minutes/week), and ESY

---

[4] Due to its timing, this amended ABS IEP was proposed for the 2024-2025 school year, a year which was not before BSEA for the purpose of considering whether it provided a FAPE for fourth grade and is therefore not the subject of this educational dispute. This amended ABS IEP was allowed into evidence at the due process hearing by the hearing officer for the purpose of ABS providing a document that it alleged contained the culmination of its educational assessment data on Carly from the Fall of 2024.

math tutoring (2x30 7/1/24 to 8/8/24); and English Language Arts (ELA) in the B-Grid (90 minutes/week) and C-Grid (90 minutes/week). The amended ABS IEP also provided for a consultation (10 minutes/week) in the A-Grid. The amended ABS IEP did not offer specialized instruction in speech and language.

33. In June 2024, at the end of Carly's third grade year at the Carroll School, Parents arranged for Dr. Doty to evaluate Carly again. Dr. Doty concluded that in the context of intensive language-based interventions over the past year at the Carroll School, Carly made gains in her verbal communication and literacy skills, such that many of her skills are now within or approaching the average range for her age. He also concluded that her recent gains reflect the intensity of service delivery within her third grade placement at the Carroll School, which was critical in addressing the lack of progress and declining school adjustment identified by evaluation during first and second grade. Dr. Doty further concluded that although Carly is clearly benefiting from intensive interventions, she is still underachieving relative to her intellectual potential in several areas, including mathematics, reading comprehension, and writing composition and mechanics. Dr. Doty recommended continued specialized instruction in reading, writing, math, executive functioning, and speech and language. In addition to all of the previous diagnosis, Dr. Doty diagnosed Carly with attention-deficit/hyperactivity disorder (ADHD-Combined Presentation).

34. Parents arranged for an educational consultation with direct third-grade programming observations at Franklin and the Carroll School for the 2023-2024 school year with Kendra McCuine, M.Ed. Ms. McCuine concluded that it is highly likely that the skill gap between Carly's math skills and those of her peers would have widened at Franklin. Ms. McCuine also concluded that Carly's progress in listening comprehension, oral expression, and

vocabulary-related skills would not have been possible had she not received the intensive language-based interventions at the Carroll School for third-grade.

35. On or about May 14, 2024, Carly, by and through her Parents, filed a due process hearing request with the BSEA, seeking reimbursement for the cost of tuition and transportation for their unilateral placement of Carly at the Carroll School for the 2023-2024 school year.

36. A hearing was held virtually with the BSEA on January 13, 14, 16, and 17, 2025, before hearing officer Amy Reichbach. The record closed with the parties' submission of written closing arguments on February 18, 2025.

37. On or about March 24, 2025, hearing officer Reichbach issued her decision. A true copy of the decision is attached as <u>Exhibit A</u>. She concluded that Parents failed to meet their burden to establish that the IEPs proposed for Carly for the 2023-2024 school year were not reasonably calculated to provide her with a FAPE. She therefore denied Parent's request for reimbursement from FPS or ABS for the costs associated with Carly's placement at the Carroll School.

**COUNT 1**
**(Violation of Individuals with Disabilities Education Act)**
(20 U.S.C. § 1415 and M. G. L. c. 71B)

38. Plaintiff incorporates the allegations set forth above as if fully set forth herein.

39. The hearing officer's decision contains errors of fact and law and is unsupported by a preponderance of the evidence and applicable law.

40. The hearing officer erred by ignoring, mischaracterizing, and failing to give proper weight to key documentary evidence and testimonial evidence.

41. The hearing officer erred by ignoring, misinterpreting and failing to apply relevant legal authority and precedent.

42.     Carly and Parents are aggrieved by the hearing officer's decision containing erroneous findings of fact and conclusions of law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court reverse the hearing officer's decision, enter judgment in her favor, and enter an order:

(1) finding FPS and ABS did not provide Carly with a FAPE for the 2023-2024 school year;

(2) finding that Parents' placement of Carly at the Carroll School for third grade was both reasonable and appropriate;

(3) directing FPS and ABS to reimburse the Parents for the cost of tuition and transportation associated with Carly's placement at the Carroll School for the 2023-2024 third grade school year;

(4) awarding Parents their costs and attorney fees and such other relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED**,

CARLY and her parents,
Lisa and Chris F.

By their *pro se* attorney,

/s/ Lisa Fries, Esq.
Lisa Fries, Esq. (BBO#671475)
63 Washington Drive
Acton, MA 01720
lisafrieslaw@gmail.com
978-505-3555

Dated: May 16, 2025